IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNIE DARBY                                                                                    PLAINTIFF

V.                                                                           CAUSE NO.: 1:10CV132-SA-JAD

SOUTHERN CARE, INC., ET AL.                                                              DEFENDANTS

MEMORANDUM OPINION

Defendants have filed a Motion to Dismiss [12] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the foregoing reasons, the motion is GRANTED.

*Factual and Procedural Background*

Plaintiff Johnnie Darby filed suit on May 14, 2010, alleging causes of action under the Age Discrimination in Employment Act, as well as state law. In particular, Plaintiff alleges she was terminated from her position as Clinical Director/Administrator of a SouthernCare facility based on difficulties with "younger nurses who did not like the fact that Plaintiff enforced the rules." Plaintiff contends on July 22, 2009, she reprimanded two younger nurses for being loud and disruptive during an in-service training session. Two weeks later, Plaintiff met with two supervisors who informed Plaintiff that the younger nurses threatened to quit if Plaintiff was retained. On August 27, 2009, Plaintiff was terminated.

*Motion to Dismiss Standard*

To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).[1] That "demands more than an unadorned, the-defendant-

---

[1]Plaintiff argues that the Twombly standard only applies in limited circumstances, i.e., cases involving complexity, immunity, and conspiracy. The Supreme Court has noted that the Twombly decision "expounded the pleading standard 'for all civil actions . . . .'" Iqbal, 129 S. Ct.

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949, 173 L. Ed. 2d 868. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 1950, 173 L. Ed. 2d 868 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's examination of the issue in Iqbal provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., 173 L. Ed. 2d 868. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id., 173 L. Ed. 2d 868.

*Discussion and Analysis*

Even if the Court assumes all facts are true as alleged in the Complaint, Plaintiff has failed to state a claim for relief under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, *et seq*. (ADEA). That statute makes it "unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Section 623(a)(1); Moss v. BMV Software, Inc., 610 F.3d 917,

---

at 1953. Accordingly, the Twombly standard applies in this case.

922 (5th Cir. 2010).

Facially, Plaintiff has not presented a claim for discrimination based on age. Plaintiff contends that "a group of younger nurses sought to remove Plaintiff from her position . . . simply because they did not like the fact Plaintiff enforced the rules and because the ringleader wanted Plaintiff's position." Plaintiff further argues that Defendant SouthernCare terminated her in effort to "appease the younger nurses."

Plaintiff does not allege that she was terminated because of her age. The only age reference in her complaint is to "younger nurses" in subordinate roles to the Plaintiff. The Court cannot reasonably infer that SouthernCare terminated Plaintiff because she was fifty-four years old, or over forty years old. See 29 U.S.C. Section 631 (limiting the prohibitions of the ADEA to individuals who are at least forty years of age). Thus, Plaintiff has failed to show she is entitled to relief pursuant to the ADEA. Accordingly, that claim is dismissed.

The only remaining claims in this action are state law claims. A district court may decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. Section 1367(c)(3). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

*Conclusion*

For the reasons stated above, the Defendants' Motion to Dismiss [12] is granted. An order consistent with this opinion shall issue this day.

SO ORDERED, this the 19th day of October, 2010.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**